IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN HOFFMAN, #304-179<br>　　　Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. RDB-07-1397 |
| | * |
| WARDEN<br>　　　Defendant | * |
| | ****** |

## MEMORANDUM OPINION

### Procedural History

On May 25, 2007, the Court has received a letter from Martin Hoffman ("Hoffman"), an inmate confined at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, complaining that the Warden has disapproved a recommendation that he remain on protective custody. Hoffman states that he was granted protective custody status because he had been sexually assaulted while incarcerated. He states that he fears for his safety if he is returned to general population. Paper No. 1. Hoffman seeks protective custody assignment.

Hoffman's letter was construed as a 42 U.S.C. § 1983 civil rights complaint for injunctive relief. On June 27, 2007, a court-ordered response was filed by the JCI Warden. Paper No. 3. For reasons which follow, the Court shall set this matter in for a hearing on Hoffman's request for injunctive relief and shall grant Hoffman limited and temporary injunctive relief.

### Standard of Review

Hoffman may only be granted injunctive relief if he can demonstrate: (1) the likelihood he will be irreparably harmed if emergency relief is denied; (2) the likelihood that Defendant will not be harmed if the requested relief is granted; (3) the likelihood that he will succeed on the merits; and

(4) the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

Analysis

According to Defendant, Hoffman was sexually assaulted in 1999 while held in Central Booking. In 2001, he was assaulted in general population at JCI. On an unspecified date, he was also assaulted by another inmate, Brian Jordan, a leader of a known security threat group. Plaintiff is 4'11" and suffers from a heart defect and other medical problems. He has stated to correctional officials that he cannot defend himself in general population. Paper No. 3, Ex. 1, p. 2. Plaintiff has also advised correctional officials that his brother, an inmate in the custody of the Maryland DOC, has numerous enemies who may pose a risk of harm to Plaintiff. *Id*. The Warden overroad the team review's recommendation that Hoffman remain on protective custody because his only named enemy is not housed at JCI. Paper No. 3.

The limited materials currently before the Court show that Hoffman was placed on protective custody in either 1999 or 2001 because he had been assaulted by other inmates. After an April, 2007, protective custody review, the case management team recommended that Hoffman remain on protective custody. On May 4, 2007, that decision was disapproved by the Warden. While Plaintiff's sole named enemy is no longer housed at JCI, there is no indication that the decision to override the case management team's recommendation took into consideration any of the other reasons Hoffman is in fear of returning to general population. Hoffman states that he continues to be in fear for his life.[1]

---

[1] This Court is mindful that its examination of the day-to-day custody, security, and classification operations and decisions of prisons is limited  It will not substitute its judgment for the decisions of classification and security personnel. Nonetheless, when scrutinizing the case and the limited

Conclusion

In light of the fact that Hoffman is scheduled to be removed from segregation into the general population at any time, and there are continued questions regarding his safety, the Court shall grant a temporary restraining order for a ten day period pursuant to Fed. R. Civ. P. 65(b), which enjoins Hoffman's transfer into the JCI general population. Defendant shall file any responsive materials in support of the dissolution or modification of the restraining order. Further, in order to properly present a case for judicial consideration: (1) Hoffman shall be required to submit the civil filing fee or an indigency application in lieu thereof along with a supplemental civil rights complaint on Court approved forms; (2) the Office of the Attorney General for Maryland shall inform the Court whether it will accept service of process on Defendant, and if so, shall answer the Complaint in accordance with applicable federal rules and administrative orders; and (3) Hoffman is granted additional time to request the appointment of counsel in this matter. A separate Order follows.

Date: 6/28/07

_____
UNITED STATES DISTRICT JUDGE

---

material presented to the Court, the undersigned cannot state at this juncture that JCI personnel have met Eighth Amendment standards with regard to Hoffman's safety.